IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN A. FLETCHER and )
ELIZABETH FLETCHER, )
 )
          Plaintiffs, )
 )
vs. ) Case No. 11-cv-0867-MJR-DGW
 )
BIG ROCK TRANSPORTATION, INC., )
and GRANT T. LUNDEEN, )
 )
          Defendants. )

## ORDER ON THRESHOLD REVIEW

REAGAN, District Judge:

On July 9, 2009, John Fletcher was driving a motorcycle on Illinois Route 130, with Elizabeth Fletcher riding as a passenger on the motorcycle. Grant Lundeen was operating a tractor-trailer owned by (or on behalf of) Big Rock Transportation, Inc. The tractor-trailer rear-ended the motorcycle as John Fletcher attempted a left turn. The Fletchers sued Lundeen and Big Rock in the Circuit Court of Richland County, Illinois.

The state court complaint contains two counts (labeled as "First Cause of Action" and "Second Cause of Action"), alleging negligence and negligence per se by Lundeen. Although neither count is expressly directed against Big Rock, the complaint alleges that Big Rock is jointly and severally liable for the negligence of Lundeen under the doctrine of respondeat superior, since Lundeen was an employee or agent of Big Rock, acting within the course and scope of his job at the time of the accident.

Served on August 31, 2011, Big Rock timely removed the action to this District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332. Section 1332 requires an amount in controversy over $75,000 (excluding interest and costs) and complete diversity of citizenship between the parties.

The complaint reveals a sufficient amount in controversy *for purposes of threshold jurisdictional review*, but citizenship has not properly been pled. Specifically, Big Rock identifies itself as both incorporated in and maintaining its principal place of business in the state of Indiana, thereby rendering it an Indiana citizen for diversity purposes. **See 28 U.S.C. 1332(c)(1).** But Big Rock alleges that the Fletchers "reside" in Illinois and that Grant Lundeen is a "resident" of Maine.

Seventh Circuit law plainly holds that residence does not equate to citizenship, and the latter controls for jurisdictional purposes. Pleading residence is inadequate to invoke diversity jurisdiction, the Seventh Circuit has emphatically and "repeatedly reminded litigants and district judges" alike. ***Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008),** *citing **Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992, and *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).** Accordingly, the undersigned Judge **DIRECTS** Big Rock to file an **AMENDED REMOVAL NOTICE** properly alleging all components of diversity jurisdiction no later than <u>October 13, 2011</u>.

One final issue requires prompt resolution. The complaint fleetingly and confusingly references additional defendants "DOE 1 through 10" (Doc. 3-1, p. 2). Paragraph 6 states: "Plaintiffs are unaware of the true names of Defendants DOE 1

through 10. Plaintiffs are informed and believe that said DOE defendants are liable to some degree to plaintiffs by means of the instant action. Plaintiffs will seek leave to amend this Complaint when and if said true names are ascertained."

No John Doe or Jane Doe is listed in the style of the complaint. Nor is any John Doe or Jane Doe Defendant described in the body of the complaint as having had a role in the collision which allegedly injured the Fletchers. It is possible that Paragraph 6 of the complaint was included in error. However, as a general rule, a case cannot proceed in federal court via diversity jurisdiction with unknown "John Doe" Defendants, if (as the complaint here suggests) they are more than merely nominal parties.

As the Seventh Circuit Court of Appeals explained in *Howell by Goerdt v. Tribune Entertainment Co.,* **106 F.3d 215, 218 (7th Cir. 1997):**

> States often will allow a plaintiff to name an unknown party as an additional defendant…. For that matter, so does federal law in a suit based on the federal question jurisdiction, … which does not depend on the parties' addresses. But because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, "John Doe" defendants are not permitted in federal diversity suits.

Before assessing whether this general rule applies to the instant case (or an exception is triggered via Big Rock's removal of the case from state court, *see* **28 U.S.C. 1441(a)**), the Court DIRECTS Plaintiffs' counsel to **CLARIFY** whether he intended to include paragraph 6 listing ten John Doe Defendants. Plaintiff's counsel simply may file a one-paragraph "**Memorandum In Response to Court Order**" answering this question by October 3, 2011.

After reviewing Plaintiffs' memorandum and Defendant's amended removal notice, the undersigned Judge will ascertain whether subject matter jurisdiction exists. If the answer is yes, the case will be tracked and a firm trial date will be set.

IT IS SO ORDERED.

DATED September 28, 2011.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge